UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry W. Scott, Jr., ) | |
| ) | C/A No: 5:13-cv-02870-DCN-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Report and Recommendation |
| ) | |
| ) | |
| Major Jones; Lt. Clawson; Lt. Murant (or ) | |
| Marant); Ofc. Green; Ofc. Anderson; Ofc ) | |
| Hopkins (or Hodges); Ofc. Jeffcoat, and ) | |
| John and Jane Does, ) | |
| Defendants. | |

This matter comes before the court on Plaintiff's Motion for Order for Protective Custody, ECF No. 21.[1] Defendants filed a response in opposition to Plaintiff's motion on February 21, 2014. ECF No. 38. Pursuant to United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in prisoner petitions filed under 42 U.S.C. § 1983.

In Plaintiff's Motion for Protective Custody, which the court will construe as a motion for the court to issue a preliminary injunction, Plaintiff contends that he was involved in multiple state and federal investigations and "was involved with some of the most dangerous criminal organizations in the world and when [his] involvement as a[n] information was made known, no steps to protect [him] where [sic] taken, which pose serious as well as life threatening implications." ECF No. 21 at 4. Plaintiff argues that these multiple investigations place him and his family in "serious jeopardy." *Id.* Plaintiff asks that the court release him from South Carolina

---

[1] Plaintiff also moves for an appointment of counsel which the court will address in a separate order.

Department of Corrections' ("SCDC") custody[2] and place him in federal protective custody immediately due to "the hostile nature of [his] involvement [and] the nature and seriousness of the issues." *Id.* at 1, 5. Plaintiff also requests that the court take "immediate action . . . to protect" his family. *Id.* at 2. Plaintiff requests that Lexington County Detention Center ("LCDC") be ordered to pay the costs associated with these requests. *Id.* Plaintiff also asks that the court order LCDC to be responsible for the expenses associated with SCDC providing Plaintiff medical treatment for "chest pains and circulation problems" related to his incarceration at LCDC. *Id.* Defendants oppose Plaintiff's request to be released from SCDC arguing that "[a] motion in this current litigation is clearly not the proper forum to request such relief [and] Plaintiff has failed to show he is entitled to the relief that he requested." ECF No. 38 at 2-3. Defendants also oppose Plaintiff's request for physical protection for himself and his family contending that Plaintiff has not specified the type of protection that he is seeking, nor has Plaintiff "made the requisite showing that would entitle him to injunctive relief." *Id.* at 3-4. Defendants object to Plaintiff's request for LCDC to pay for his medical costs arguing that the court "does not have authority to order the payment of expert witness fees for a prisoner." *Id.* at 5. In reply to Defendants' response, Plaintiff contends that he is in "imminent danger" because LCDC officers told multiple persons that Plaintiff "was a snitch." ECF No. 40 at 3. Plaintiff argues that he is imminent danger because "inmates that [he's] incarcerated with have told other inmates that [he has] price tags on [his] head." *Id.* Plaintiff contends that he has brought these threats to the attention of prison officials "to no avail." *Id.* Plaintiff cites to incidents that took place prior to his incarceration, and incidents at LCDC and Kirkland R&E to support his claims

---

[2] Plaintiff is currently housed at Allendale Correctional Institution. ECF No. 2.

that he faces irreparable harm." *Id.* at 4.   Plaintiff also contends that members of the Mexican mafia have threatened to kill him and his family members.  *Id.* at 6.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). In determining whether preliminary injunctive relief should be granted, the court applies the "balance of hardship" test. *Wetzel v. Edwards*, 635 F.2d 283, 287 (4th Cir. 1980). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

In his request for injunctive relief, Plaintiff has not identified a particular threat from a specific individual that is housed in the same correctional institution as Plaintiff.  Nor has Plaintiff attached any documents from SCDC that show that Plaintiff was denied protective custody after being threatened by another inmate.  Instead, Plaintiff has offered only conclusory factual allegations and has not alleged any credible facts or other explanations which would suggest that he is likely to suffer imminent, irreparable harm. Accordingly, it is recommended that Plaintiff's requests for protective custody for himself and his family, and the costs and medical expenses related to placement in protective custody, be denied.[3]

---

[3] Plaintiff may wish to contact SCDC, or the state and federal agencies that he purportedly provided assistance to, regarding his concerns for his and his family's safety.

IT IS SO RECOMMENDED.

March 17, 2014                                     Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**