UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Larry W. Scott, Jr., ) | C/A No. 5:13-cv-02870-DCN-KDW | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | |
| ) | ORDER | |
| Major Jones, Lt Clawson, Lt Murant or Marant, ) | | |
| Ofc Green, Ofc Anderson, Ofc Hopkins, ) | | |
| Ofc Jeffcoat, and John and Jane Does ) | | |
| ) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. This matter is before the court on Plaintiff's Motion to Compel, ECF No. 41. Defendants filed an opposition to Plaintiff's motion on March 21, 2014. ECF No. 57. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983.

Federal Rule of Civil Procedure 37 provides that if a party fails to respond to discovery, the party seeking discovery may move for an order compelling production. The decision to grant or to deny a motion to compel discovery rests within the broad discretion of the trial court. *See Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (holding the "Court affords a district court substantial discretion in managing discovery and reviews the denial or granting of a motion to compel discovery for abuse of discretion.") (internal citation omitted); *LaRouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir.

1986) (holding "[a] motion to compel discovery is addressed to the sound discretion of the district court.").

In his Motion to Compel, Plaintiff seeks an order compelling Defendants to respond to Request for Production ("RFP") Nos. 2(1a), 2(1b), 2(1c), 2(1d). ECF No. 41 at 4-11. Plaintiff also seeks the production of video footage captured by cameras at Lexington County Detention Center ("LCDC") and the disciplinary records of another LCDC inmate. *Id.* Defendants oppose Plaintiff's motion arguing that they have "complied with the Plaintiff's discovery requests in this matter." ECF No. 57 at 6. The court will address each disputed Request in turn:

> **a. RFP No. 2(1a):   Any medical reports, psychological reports, records or observations, written charts, and medical tests, by medical, mental health, or other medical profession, hired or employed by the Lexington County Detention Center, related to or in respect to Larry W. Scott #315277, from dates February 10, 2012 – April 22, 2013.**
> - Defendants objected arguing that the Request was overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants further stated that they are not in possession of the requested documents and the documents should be obtained directly from the third-party medical provider.
>
> **b. RFP No. 2(1b):   Any or all incident reports filed by authorities of Lexington County Detention Center:**
> - Defendants objected arguing that the Request was overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Subject to those objections, Defendants produced a copy of Plaintiff's inmate file.
>
> **c. RFP No. 2(1c):   All employee records, to include rank, hire date, disciplinary records, of all employees of Lexington County Detention Center, staff, medical personal, or private contract, that are or have been part time, full time, or voluntary basis, at the above described county of Lexington Detention Center from the date of February 10, 2012 until April 22, 2013.**
> - Defendants objected that the Request was overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Defendants further objected due to privacy and security concerns. Defendants further stated that they are not in possession of the requested documents.

    **d. RFP No. 2(1d): All and any records of inmates that where (sic) housed or admitted to the Lexington County Detention Center between the dates of February 10, 2012 - and April 22, 2013, there (sic) housing location, within the Lexington County Detention Center, dates of the location of inmates in the Lexington, what units and cell assignments, of individual inmates, and any pertinent information as to the assignment of each inmate housed in the Lexington County Detention Center, from February 10, 2012 and April 22, 2013.**

- Defendants objected that the Request was overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence. Defendants also objected based on privacy concerns. Defendants further stated that they are not in possession of the requested documents.

    **e. Request of video footage for 1/5/13 to 1/21/13.**

- Defendants objected arguing that the Request was overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. Defendants stated that they were in the process of determining if any such video exists for the requested time periods, and if such recordings exist, Defendants will make arrangements for Plaintiff to view.
  - In their Response to Plaintiff's Motion to Compel, Defendants indicate that video footage requested by Plaintiff no longer exists.

    **f. Disciplinary reports for events that occurred on 1/5/13, and other reports for Antwoin Price and Larry W. Scott.**

- Defendants object to the production of the files for any inmate that is not a party to this litigation. Defendants state they have produced a complete copy of Plaintiff's inmate records.

The court has reviewed Defendants' objections to Plaintiff's Requests and finds that Defendants' objections are well founded. The court further finds that Defendants have sufficiently responded to Plaintiff's Requests for Production and have provided Plaintiff with documents and material relevant to the prosecution of his case. Accordingly, Plaintiff's Motion to Compel, ECF No. 41, is denied.

IT IS SO ORDERED.

April 9, 2014  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge